(No. 12808.—Reversed and remanded.)

THE ASH-MADDEN-RAE COMPANY *et al.* and JAMES S. O'BRIEN *et al.* Plaintiffs in Error, *vs.* THE INTERNATIONAL LADIES GARMENT WORKERS' UNION *et al.*— (LIZZIE WEXLER, Defendant in Error.)

*Opinion filed December 17, 1919.*

This case is controlled by the decision in *Ash-Madden-Rae Co. v. International Ladies Garment Workers' Union,* (*ante*, p. 301.)

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

ROSENTHAL, HAMILL & WORMSER, and LEWIS F. JACOBSON, (CHARLES H. HAMILL, and LEO F. WORMSER, of counsel,) for plaintiffs in error.

DARROW, SISSMAN & POPHAM, (VICTOR S. YARROS, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Lizzie Wexler, defendant in error here, is one of the parties charged with contempt for violating injunctions referred to in *Ash-Madden-Rae Co. v. International Ladies Garment Workers' Union* (*ante*, p. 301,) in which Sol Seidman was defendant in error. She was one of the striking workers and was active in the strike. She was referred to as the lieutenant of Seidman, the vice-president of the international union, and was charged with violating the injunctions referred to in the above mentioned case. Upon a hearing of the charge before the chancellor she was adjudged guilty of contempt and was sentenced to thirty days in jail. On appeal by her to the Appellate Court for the First District that court reversed the judgment without re-

manding the case, and the case comes to this court on a petition for writ of *certiorari.*

The evidence supported the charge that the defendant in error violated the injunctions, and the Appellate Court, referring to her conduct as shown by the proof, said "such conduct was beyond any doubt in violation of the terms of the injunction" but expressed the belief that she thought it would be lawful for the strikers to do as she directed and advised. For that reason the Appellate Court said in its opinion a fine might have been justified but it could not agree with the chancellor that she deserved the penalty of imprisonment, and that court reversed the judgment without remanding the case. What we have said in the Seidman case applies to and must govern our action in this case.

The judgment of the Appellate Court is reversed for the same reasons and the case remanded to the Appellate Court with the same directions as in the Seidman case.

*Reversed and remanded, with directions.*